## Ebenezer Eastman *versus* George Little and another.

Where the lands of a non-resident proprietor were sold by a collector of taxes under the 28th and 29th sections of the statute of the United States, passed on the 9th January, 1815, and the only notification of the taxes due which was published by the designated collector, was, that he had received lists of the taxes due, and that he was authorized to receive them, without stating what taxes remained unpaid ; it was held that the notification was not sufficient, although in the form prescribed by the secretary of the treasury of the United States.

This was a writ of entry, brought to recover a lot of land in Bethlehem, in this county, and was tried here,

Eastman
*v.*
Little et a.

upon the general issue, at May term, 1829, and a verdict taken by consent for the demandant, subject to the opinion of the court, upon the following case.

The demandant claimed to recover the demanded premises, on the ground that he had a valid title under a sale of the same premises, made in 1817, for the direct tax of the United States for the year 1816, laid by a statute passed March 5, 1816 ; and it was admitted that the demandant was entitled to retain the verdict, unless the said sale was invalid.

At the time the said tax was laid, and also at the time of the said sale, the said premises were not owned by any person living within the collection district in which it was situated, and the tax not having been paid, the land was sold under the 28th and 29th sections of the statute of January 9, 1815.

And one objection was, that the only notification published by the designated collector under the 28th section of said statute, was as follows : " Notice is hereby given, that the subscriber has received lists of the direct tax of 1816, remaining due upon property in the following counties, in the State of New-Hampshire, not owned, &c., and that he is authorized to receive said taxes, with an addition of ten per cent. thereon, &c."

E. CUTTS, Collector designated, &c.

No particulars of the taxes were stated in the advertisement.

But it appeared, that the said notification was in the form prescribed by the secretary of the treasury of the U. S., under the 4th section of the said statute of January 9, of 1815.

*Bell,* for the demandant.

*J. Smith* and *Bartlett,* for the tenants.

Richardson, C. J., delivered the opinion of the court.

The statute of the United States of January 9, 1815, section 28, enacts, " that with respect to property lying within any collection district not owned, &c., by some

person residing in such collection district, and on which the tax shall not have been paid to the collector within ninety days, &c., the collector shall transmit lists of the same to one of the collectors within the same state to be designated for the purpose, &c. And the collectors thus designated, &c., shall cause notifications of the taxes due as aforesaid, and contained in the lists thus transmitted to them, to be published for sixty days, &c."

The fourth section of the same statute contains a provision " that the secretary of the treasury shall establish regulations suitable and necessary for carrying this act into effect."

With respect to this last provision, we are of opinion, that whatever other powers it was intended to confer upon the secretary of the treasury, it cannot be construed to authorize him to dispense with a clear requisition of the statute inserted for the accommodation and benefit of the owners of the lands taxed, and that it can have no influence upon the decision of the question which this case presents.

That question is, whether the advertisement of the designated collector was such a notification of the taxes due as the said twenty-eighth section of the statute required ?

It is contended, on behalf of the demandant, that the only intent of this clause in the statute was, that notice should be given, that the list of taxes had been transferred from the collector to the designated collector, in order that the owners of the land might know to whom the payment was to be made. And it is urged, that this must be the meaning, because the clause does not require any designation, in the notice, of the land taxed, or of the owners, but simply a notification of the taxes ; and it is supposed that a notification stating certain sums assessed as taxes without any statement of the lands upon which they may have been assessed, or of the names of the owners, would be idle and without use. Besides, this

notice is not a notice for the purpose of a sale, but simply to obtain payment of the taxes.

On the other side, it is said, that the taxes to which this clause in the statute relates, are taxes upon the lands of non-resident proprietors, which must in general be under the care of agents, and that the intent of the statute was to give notice to the owners of the land, that the taxes were not paid, so that they might pay them, and that no notification of the taxes can be adjudged sufficient, unless it states not only the sums assessed, but also the property upon which it is assessed, so that each owner might have notice that the tax upon his land was unpaid.

We have attentively considered the arguments of the counsel on this subject, and are, on the whole, of opinion, that the objection which the tenants have made to the advertisement of the designated collector must prevail.

It is true that the statute does not require, in express terms, that any description of the land taxed, or that the name of the owner, should be inserted in the notification. But what is a notification of a tax? Can any body suppose, that a mere publishment of the figures that express the sums assessed would be a notification of a tax, within the meaning of this clause in the statute? We think not. It seems to us to be implied in the very terms "notification of the taxes," that notice was to be given to each owner that the tax on his land remained unpaid.

Nor can we see any reasonable rule of construction by which we can interpret the words "notification of the taxes," to mean only notifications that the designated collector had received the lists. If this was his meaning, why should not the proper language to express such a meaning have been used? Why should terms which import a very different meaning have been used? The words are clear and express, that notifications of the taxes due,

and contained in the lists, shall be published. What is a notification of the taxes? We have no doubt that the notification intended was an advertisement giving notice to each owner of the amount of the tax upon his land which remained unpaid, and that the list was in the hands of the designated collector. Nothing short of this can be adjudged, in our opinion, a notification of the taxes within the meaning of this clause in the statute. We are therefore of opinion that there must be

*A new trial granted.*